756 F.2d 23
 55 A.F.T.R.2d 85-1090, 85-1 USTC P 9262
 MID-SOUTH MUSIC CORPORATION, Plaintiff-Appellant,
v.
Alvin H. KOLAK, Sid Wissand, Harvey Haskins, Rose
Baumgarter, Chris Workman, Charles Stamphill, Bruce Thomas,
Darrell Hall, Roy Oakes, Tommy Kain, and the United States
of America, Defendants-Appellees.
 No. 83-5867.
 United States Court of Appeals,
Sixth Circuit.
 Decided Oct. 30, 1984.
 
 1
 John B. Link, III (Lead), John B. Owens, Jr. (argued), King, Ballow & Little, Nashville, Tenn., for plaintiff-appellant.
 
 
 2
 Robert E. Rice, Glenn L. Archer, Jr., Michael L. Paup, Thomas Gick (argued), U.S. Dept. of Justice, Tax Div.-Civil Trial Section, Washington, D.C., for defendants-appellees.
 
 
 3
 In addition, Mid-South argues that this letter revealed its identity as a taxpayer and the fact that it was subject to IRS audit, thereby disclosing tax return information in violation of 26 U.S.C. Sec. 6103.[1] The District Court held that the United States had not waived sovereign immunity from the constitutional claim and that a cognizable Fifth Amendment property interest had not been alleged in any event. He also ruled that the individual defendants were not amenable to suit for the statutory violations because 26 U.S.C. Sec. 7431(a)(1) provides for suit against the United States as the exclusive remedy for violations of Section 6103. On the statutory claim against the United States, the Court held that no violation of Section 6103 had been stated in the complaint.
 
 
 4
 The District Court correctly dismissed the constitutional claim against the United States and the individual defendants. No constitutional claim is stated against the individual defendants because the plaintiff has alleged no property interest cognizable under the Fifth Amendment. Construed in the light most favorable to the plaintiff, its complaint alleges that the pre-filing letter has caused investors to withdraw their money from Mid-South and thereby caused the destruction of its business. It is settled, however, that not every expectation is entitled to the due process protections of the Fifth Amendment. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Leis v. Flynt, 439 U.S. 438, 441-443, 99 S.Ct. 698, 700-701, 58 L.Ed.2d 717 (1979). The plaintiff is in effect claiming that its business interests should be protected from IRS communications intended to convey to taxpayer investors information which will prevent them from being penalized for erroneously taking deductions on their income tax returns. A similar situation was before the Supreme Court in Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), where the taxpayer sought an injunction restraining the IRS from withdrawing advance assurance to donors that contributions to the taxpayer's organization would constitute charitable deductions under the Tax Code. The Court rejected the taxpayer's argument that prohibition of the desired injunctive relief under the Anti-Injunction Act (26 U.S.C. Sec. 7431(a)) would violate its Fifth Amendment rights because withdrawing the assurance of tax deductions would cause a reduction if not elimination of donations and the destruction of its organization. The Court reasoned that:
 
 
 5
 ... although the Congressional restriction to postenforcement review may place an organization claiming tax-exempt status in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the administration of the tax system from premature judicial interference ... and of the opportunities for review that are available.
 
 
 6
 416 U.S. 725, 747-748, 94 S.Ct. at 2051-2052.
 
 
 7
 Our conclusion is buttressed by the fact that the causal connection between the IRS's actions and the alleged business injury is attenuated. Here, there was no IRS action directly depriving the plaintiffs of property. Accord Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 7 (D.C.Cir.1979).
 
 
 8
 On the issue of an alleged violation of the non-disclosure provisions in 26 U.S.C. Sec. 6103, we affirm the District Court's decision that under 26 U.S.C. Sec. 7431(a)(1)[2] the only proper defendant to such a suit is the United States, and that no claim is stated against the individual defendants for such a statutory violation. We reverse the District Court's ruling that as a matter of law, the plaintiff has failed to allege that return information was disclosed within the meaning of section 6103. Such information is defined by Section 6103(b)(2) to include a "taxpayer's identity" and "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." Construed favorably, Mid-South's complaint asserts that the pre-filing notice revealed its identity as a taxpayer and the fact that it had been under IRS investigation, since the investors' names were allegedly obtained through that investigation (a fact then revealed to them upon receiving the pre-filing letter). These allegations state a colorable claim.
 
 
 9
 At oral hearing defendants argued that the pre-filing letter's legality might be saved under section 6103(e)(7) and perhaps other subsections which create exceptions to the non-disclosure provision, allowing disclosure to certain authorized persons. However, this issue was not presented to the District Court, was not briefed or thoughtfully considered by the parties, and it is not suitable for our resolution at this time.
 
 
 10
 We therefore affirm the District Court's judgment dismissing both the constitutional and statutory claims against the individual defendants, and the constitutional claim against the United States as a party defendant. We remand to the District Court for reconsideration of the statutory claim against the United States under 26 U.S.C. Sec. 7431(a)(1), and the issue of a possible exception under Section 6103(e)(7) and other similar provisions.
 
 
 11
 KRUPANSKY, Circuit Judge, concurring in part and dissenting in part.
 
 
 12
 I agree with the majority's decision to remand the case as it relates to the defendant United States and the exceptions to the non-disclosure provisions of 26 U.S.C. Sec. 6103. However, I believe that the actions of the individual defendants impinged upon plaintiff's constitutional liberty interest to operate a business without arbitrary interference. Accordingly, I respectfully dissent.
 
 
 13
 The record in this case discloses that the issue as to whether Mid-South was in fact operating an abusive tax shelter had not been officially determined by the agency. Despite this critical omission, IRS personnel unilaterally concluded that Mid-South's tax promotion was not legitimate, and arbitrarily notified all of Mid-South's clients of this determination, thus virtually destroying Mid-South's business. The defendant's action in posting the pre-filing letters becomes all the more capricious when viewed in light of the facts that (1) Mid-South was neither notified of the IRS' intent to mail the notices nor given the opportunity to defend its promotion, and (2) that no statutes or regulations enacted pursuant thereto authorized the IRS to implement such unilateral action. To the contrary, regulations enacted subsequent to the Mid-South incident mandate notification of the tax shelter promoter at the initial stages of the investigation, and provide numerous opportunities for the promoter to defend his activity. See Internal Revenue News Release IR-83-129 (October 19, 1983). In sum, it is clear that the arbitrary and capricious actions of the IRS' agents in the instant case were in direct contravention of Mid-South's liberty interest to operate its business free of such interference as recognized by this circuit in Sanderson v. Village of Greenhills, 726 F.2d 284, 287 (6th Cir.1984) (per curiam).
 
 
 14
 Thus, I would remand with instructions to the district court to analyze Mid-South's fifth amendment due process claim against the individual defendants in light of plaintiff's constitutional liberty interest.
 
 
 
 [1]
 In relevant part, 26 U.S.C. Sec. 6103 provides:
 (a) General rule.--Returns and return information shall be confidential, and except as authorized by this title--
 (1) no officer or employee of the United States, shall disclose any return or return information obtained by him ...
 (b) Definitions.--For purposes of this section ...
 (2) Return information.--The term "return information" means--
 (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other offense....
 
 
 [2]
 26 U.S.C. Sec. 7431(a)(1) provides:
 "If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."