WESTERN RESERVE OIL & GAS CO., Trevor M. Phillips and 1983 Western Reserve Oil & Gas Co., Ltd., Plaintiffs-Appellants,

v.

H. Steven NEW, Bobbie J. Tadlock, Mary Saavedra, Mary Ellen Deners, Howard Chin, Richard M. McKeever, William H. Connett, Scott J. Crabtree, Donald W. Wolf, Defendants-Appellees.

No. 84–6272.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1985.

Decided July 17, 1985.

Robert Berg, Robert Hagelshaw, H. Renton Rolph, Frederick Mahan, Inc., San Francisco, Cal., for plaintiffs-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charleton D. Powell, Thomas Gick, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ALARCON and POOLE, Circuit Judges, and ORRICK,* District Judge.

---

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

ALARCON, Circuit Judge:

Western Reserve Oil and Gas Co., 1983 Western Reserve Oil and Gas, Ltd., and Trevor M. Phillips (hereinafter collectively referred to as Phillips) seek reversal of the district court order dismissing Phillips' suits for damages against individually named agents of the Internal Revenue Service (hereinafter IRS) pursuant to Fed.R. Civ.P. 12(b)(6). Phillips contends that the district court erred because the claim alleging deprivation of a liberty and property interest without due process of law was one on which relief could be granted.[1]

# I

## STANDARD OF REVIEW

 The appropriate standard of review is not in dispute. A dismissal for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewable *de novo*. *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984); *North Star International v. Arizona Corp. Commission*, 720 F.2d 578, 580 (9th Cir.1983). The review is limited to the contents of the complaint. *North Star*, 720 F.2d at 581. To affirm this type of dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *Halet v.*

*Wend Investment Co.*, 672 F.2d 1305, 1309 (9th Cir.1982). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *North Star*, 720 F.2d at 580.

# II

## FACTS

On May 3, 1984, Phillips filed an action in the district court seeking monetary damages from individually named IRS agents for issuance of "pre-filing notification letters." The basis for relief, as pleaded, was for damages for violation of his constitutional rights by a federal agent under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Phillips is the sole general partner of two companies in the business of producing and developing oil and gas; Western Reserve Oil and Gas Co. and 1983 Western Reserve Oil and Gas Co., Ltd. Both companies are also California limited partnerships in which various individuals (hereinafter partners) purchased limited partnership interests from the years 1981–1983.

In a letter dated March 22, 1984, the IRS advised Phillips that its investigation showed that there was a basis for concluding that a claim by the Phillips partners for tax benefits for the year 1983 would not comply with the income tax laws.[2] Phillips

---

1. Phillips also contends that the district court erroneously dismissed the complaint on the alternative ground that the IRS agents were immune from suit. We do not address this issue since we find that the complaint properly was dismissed for failure to state a claim. Fed.R. Civ.P. 12(b)(6).

2. The letter sent to Phillips by the IRS provided in full:

Subject: Western Reserve Oil & Gas Company, Ltd., and 1983 Western Reserve Oil & Gas Company Ltd.

Dear Mr. Phillips:

Based upon an examination of promotional material, partnership books and records (*only* with respect to Western Reserve Oil & Gas Company, Ltd.) and third party information, Revenue Agent Bobbie J. Tadlock and District Counsel Attorney Steve New have determined that there is a basis for concluding that the partners of Western Reserve Oil & Gas Company, Ltd., and 1983 Western Reserve Oil & Gas Company, Ltd., will not be in compliance

with the Federal income tax laws if they claim the tax benefits represented by the general partners and promoters to be available. Moreover, Mr. Tadlock and Mr. New have determined that there is a basis for: (1) the assertion of the promoter penalties referred to in *I.R.C.* § 6700; and (2) an application for injunctive relief under *I.R.C.* § 7408.

In accordance with *Rev.Proc.* 83–78, 1983–43 I.R.B. 44, you are hereby offered an opportunity on April 4, 1984, at 11:00 a.m., at the Internal Revenue Service Office at 24000 Avila Road, Laguna Niguel, California, to meet with Revenue Agent Tadlock and District Counsel Attorney New to present any facts or legal arguments that demonstrate that there is a basis for concluding that the claimed tax benefits of Western Reserve Oil & Gas Company, Ltd., and 1983 Western Reserve Oil & Gas Company, Ltd., comply with the Federal income tax laws.

Generally, no extensions of time will be granted for the meeting except in extenuating circumstances. You will not be entitled to

was notified on April 4, 1984, that, pursuant to Rev.Proc. 83–78, 1983–2 Cum.Bull. 595 (hereinafter Rev.Proc. 83–78) he would be afforded an opportunity to meet with IRS agent Bobbie J. Tadlock (hereinafter Tadlock) and District Counsel attorney Steve New (hereinafter New) to present any facts or legal arguments to demonstrate that the claimed tax benefits complied with federal income tax laws.[3]

Phillips attempted to obtain specific information concerning the factual basis for the IRS determination that his company may be operating as an abusive tax shelter. The IRS, however, refused to give Phillips the information he sought. On April 4, 1982, Phillips met with the IRS agents to dissuade them from issuing any pre-filing notification letters to the limited partners in his companies. This attempt was unsuccessful. On April 11, the IRS sent pre-filing notification letters to the Phillips' partners in Western Reserve Oil and Gas Co.[4] The partners in 1983 Western Reserve Oil

and Gas Co., Ltd. did not receive pre-filing notification letters.

The complaint as amended alleges that Phillips was denied his Fifth Amendment right to liberty and property because (1) the mailing of the letters had the "irreversible consequence of destroying the means by which Phillips secure[d] his livelihood"; (2) the letters had a "chilling effect" because investors would withdraw; and (3) the letters had the same damaging effect on his livelihood as a "jeopardy assessment."

The complaint states that the agents acted "under color of authority" when they issued the pre-filing notification letters to the investors. It further alleges, however, that the actions undertaken in compliance with Rev.Proc. 83–78, were motivated by a "personal hate and vendetta" directed towards Phillips' business partner, Terry Mabile, a former IRS agent. Phillips alleges that the deprivation occurred because the agents knew that through the use of their

---

any additional meetings with the Internal Revenue Service. No final decisions will be made at the meeting concerning the determination that the Internal Revenue Service will finally make. If you fail to attend the meeting or fail to provide documents and information previously requested, the Internal Revenue Service will proceed based on the available promotional materials, books, records, and/or third party information.

 Sincerely yours,
 (Signed) Donald W. Wolf
 DONALD W. WOLF
 District Counsel

**3.** Rev.Proc. 83–78 provides that the IRS may request injunctive relief or assert penalties under 26 U.S.C. §§ 7408, 6700 and issue pre-filing notification letters to investors once the IRS has identified an abusive tax shelter. Rev.Proc. 83–78 §§ 1, 5. The purpose of the pre-filing notification letters is to "advise investors in the promotion that based upon review of the promotion it is believed that the purported tax benefits are not allowable and ... also advise the investors of the possible consequences if such benefits are claimed on their tax returns." Rev.Proc. 83–78 § 6.02.

**4.** These letters read as follows:
 Re: Tax Shelter Promotion: Western Reserve Oil & Gas Co. Ltd. Tax year: 1983
 Dear Sir:

Our information indicates that you were a partner in the above partnership during the above tax year. Based upon our review of the partnership's tax shelter activities, we have apprised the Tax Matters Partner that the purported tax shelter deductions and/or credits are not allowable and, if claimed, we plan to examine the return and disallow the deductions.

The Internal Revenue Code provides in appropriate cases for the application of a negligence penalty under Section 6653(a), the overvaluation penalty under Section 6659 and/or substantial underpayment penalty under Section 6661 of the Internal Revenue Code with respect to the partners.

If the Tax Matters Partner decides to claim such deduction on the partnership return or the partnership return has already been filed claiming such deductions and/or credits, you may wish to file a request for administrative adjustments as provided by Section 6227 of the Internal Revenue Code to amend partnership items. If you choose to file an administrative adjustment request, please file such with your service center at the following address:

 Internal Revenue Service
 Fresno Service Center
 Attention: Pre-filing Notification
 Coordinator
 P.O. Box 12866
 5045 East Butler
 Fresno, CA 93779

"power with the IRS" they could "most effectively injure, embarrass and destroy Mabile and those with whom he was associated." The complaint also alleges that the April 4 meeting with the IRS and the procedures available for review following issuance of the letters did not provide him with an adequate predeprivation hearing or sufficient notice of the specific legal theory or factual basis in violation of his right to procedural due process.

## III

## DISCUSSION

Phillips contends that the mailing of the pre-filing notification letters resulted in the deprivation of his liberty and property without adequate notice and opportunity to be heard in violation of his right to due process.

■ *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 authorizes the filing of an action against individual federal agents by a citizen "suffering a compensable injury to a *constitutionally protected interest."* *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978) (emphasis added). We are required to dismiss a complaint brought pursuant to *Bivens* unless it appears from the face of the complaint that the citizen "has stated a cause of action which asserts ... [a constitutionally protected] right." *Davis v. Passman,* 442 U.S. 228, 234, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979).

A. *Property Or Liberty Interest*

■ To establish a cognizable property interest within the meaning of the due process clause of the Fifth Amendment, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a *legitimate* claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct.

2701, 2709, 33 L.Ed.2d 548 (1972) (emphasis added).

Phillips claims that the right to continue the operation of a business is a cognizable property interest. We disagree.

■ The same argument was rejected by the Sixth Circuit in *Mid South Music Corp. v. Kolak,* 756 F.2d 23 (6th Cir.1984). The facts in *Mid South Music Corp.* are virtually identical to those before this court. In *Mid South Music Corp.,* the appellant brought suit against the United States and various federal officials of the IRS seeking compensatory and punitive damages for a violation of its constitutional rights. The alleged violations arose from the pre-filing notification letter sent by the IRS to investors in the company advising them that deductions from their investment in *Mid South* would not be allowed. The complaint alleged that the pre-filing notification letter caused destruction of business thereby depriving the company of property in violation of the Fifth Amendment. The Sixth Circuit held as follows: "No constitutional claim is stated against the individual defendants because the plaintiff has alleged no property interest cognizable under the Fifth Amendment." *Id.* at 25.[5] The Court noted that "[t]he plaintiff is in effect claiming that its business interests should be protected from IRS communications intended to convey to taxpayer investors information which will prevent them being penalized for erroneously taking deductions on their income tax returns." *Id.* The Sixth Circuit also concluded that "the causal connection between IRS' actions and the alleged business injury is attenuated. Here, there was no IRS action directly depriving the plaintiff of property." *Id.* Phillips has failed to plead facts showing that he had a "legitimate claim of entitlement" to operate a business in violation of the tax laws.

**5.** The court also held that allegations that the pre-filing notification letter revealed the taxpayer's identity as a taxpayer stated a colorable claim against the United States for the statutory violation of the Internal Revenue Code provision governing confidentiality of returns. 26 U.S.C. § 6103. *Mid South Music Corp.,* 756 F.2d at 25–26. This issue is not before us since it was not raised by Phillips in the complaint.

Our holding that Phillips has failed to allege a cognizable property interest is also supported by the decision of the Circuit Court for the District of Columbia in *Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 7 (D.C.Cir.1979), *cert. denied*, 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). In *Investment Annuity, Inc.*, the Court held that annuity sellers did not have a sufficient "property interest" to support a claim that the IRS violated due process rights by notifying annuity buyers of recent IRS positions on disallowance of deductions. *Id.* at 7. The court concluded in *Investment Annuity, Inc.* that the actions taken by the IRS were too attenuated to constitute a deprivation of the alleged property interest. *Id.* at 7.

Phillips further claims that a constitutionally recognized liberty interest was denied by the actions of the IRS agents. This claim is grounded upon the same assertion as the property interest claim; i.e. that the issuance of pre-filing notification letters destroyed Phillips' business. Phillips relies on *Sanderson v. Village of Greenhills*, 726 F.2d 284 (6th Cir.1984) to support this contention. This reliance is misplaced.

In *Sanderson*, the plaintiff alleged that he was deprived of his "liberty" interest to engage in a lawful business because local officials did not want a billiard parlor in the Village of Greenhills. Three officials claimed that they had the inherent power to disapprove of a business "irrespective of any existing regulatory ordinance." *Id.* at 287. The district court dismissed this claim as failing to state a cause of action under section 1983. The Sixth Circuit reversed. The Court noted that, while "there can be no *unfettered* freedom to engage in a business which may be properly regulated," under the facts as pleaded, the action of the village officials was not motivated by an attempt to enforce a regulatory ordinance. *Id.*

■ In the matter *sub judice*, the filing of the pre-notification letters attached to the complaint show that the federal agents were acting under existing regulation directed at protecting investors from taking invalid deductions. Thus, unlike the facts presented in *Sanderson*, the regulatory basis for the actions of the federal agents is clearly set forth in the complaint.

Phillips further contends that he was denied a federally cognizable interest because the agents acting "with malice," and intended "to injure [and] embarrass" him. This contention is also devoid of merit. We have held conduct by an individual acting under color of law which is designed to harass and embarrass does not constitute a denial of a cognizable "liberty" or "property" interest in a claim brought under section 1983. *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir.1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Rather, such "transgressions constitute nothing more than a tort 'which the state may protect against ... by virtue of its tort law.'" *Id. quoting Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1975).

## B. *Denial of Procedural Due Process*

Phillips also contends that his right to procedural due process was violated because he did not receive adequate notice or an opportunity to be heard. There is no support in the record for this contention.

■ As set forth above, Phillips was given written notice that the IRS was considering imposition of the sanctions provided in Rev.Proc. 83–78. He was informed in the letter dated March 22, 1984, that the agents had determined that his company would not be in compliance with the Federal tax laws if tax benefits to the partners were claimed. Thereafter, Phillips was afforded the opportunity to meet with the IRS agents to establish the legitimacy of the tax shelters.

The complaint alleges that the IRS agents refused to give Phillips detailed information concerning the factual basis for their "abusive tax shelter" determination prior to and at the April 4th meeting and that Phillips was thereby denied a fair opportunity to present his case. The complaint further alleges that the "hearing"

was infirm since Phillips' request for a continuance was denied arbitrarily.

 Assuming, as we must, that these allegations are true, *North Star*, 720 F.2d at 580, Phillips nonetheless failed to state a sufficient claim of denial of due process. No hearing is required prior to the assessment or collection of taxes so long as the aggrieved party has adequate opportunity for later judicial determination of liability. *Phillips v. Commissioner*, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931); *Boday, et al. v. United States*, 759 F.2d 1472, 1475 (9th Cir.1985); *Tavares v. United States*, 491 F.2d 725, 726 (9th Cir.1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975). Phillips is afforded adequate post-enforcement opportunities for judicial review. Congress has provided for suits concerning the adjustment or readjustment of disputed items of a partnership. *See* 26 U.S.C. § 6226, 6228 (following notice of final partnership administrative adjustment, partner may file petition for readjustment in either Tax, Claims Court or United States District Court) and 28 U.S.C. § 1346(a)(1) (jurisdiction in United States District Courts for suits against United States for recovery of erroneously or illegally assessed or collected taxes).

C. *No Bivens Violation Where Agent Acting Within the Scope of His Authority*

 A federal officer can be held liable for damages pursuant to *Bivens* only if his *constitutional torts* knowingly were committed outside the scope of his statutory authority. *Granger v. Marek*, 583 F.2d 781, 783 n. 4 (6th Cir.1978). Here, the agents were acting well within the scope of the authority delegated to the IRS.

Rev.Proc. 83–78 was implemented for the express purpose of ensuring "more effective compliance with the tax laws." Rev. Proc. 83–78 § 2. This procedure is in compliance with the Internal Revenue Code which "imposes on the Secretary of the Treasury, and the IRS as his designate, a broad duty to enforce the tax laws" and manifests "[c]ongressional intent to provide the Secretary with broad latitude to adopt enforcement techniques helpful in the performance of his tax collection and assessment responsibilities." *United States v. Euge*, 444 U.S. 707, 716 and n. 9, 100 S.Ct. 874, 880 and n. 9, 63 L.Ed.2d 141 *rehearing denied*, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980).

These powers are necessary to the fulfillment of a significant function of the IRS; to prevent commission of crimes. *See United States v. Little*, 753 F.2d 1420, 1436 (9th Cir.1984) (statutory grants of authority encompass "undercover criminal investigations which may be necessary and proper to ... the general enforcement of revenue laws.").

### CONCLUSION

Phillips' complaint failed to allege sufficient facts to establish a cognizable property or liberty interest or that the conduct of the federal agents in sending the pre-filing notification letters directly deprived him of his right to conduct his business solely as the result of arbitrary or capricious motivation. The judgment of the district court is AFFIRMED.