845 F.2d 202
 Margarite FARAS, Chairperson for the Redress Grievance
Committee, Plaintiff-Appellant,
v.
Donald P. HODEL, Secretary of the Interior, in his official
capacity; and Ross O. Swimmer, Assistant
Secretary for Indian Affairs, in his
official capacity, Defendants-Appellees.
 No. 87-2198.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 8, 1988.
Decided April 22, 1988.
 
 William E. Morris, Southern Arizona Legal Aid, Inc., Tucson, Ariz., for plaintiff-appellant.
 Angus E. Crane, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before FARRIS, BRUNETTI and THOMPSON, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 BACKGROUND
 
 1
 Appellant, Margarite Faras ("Faras"), is a member of the San Carlos Apache Tribe ("Tribe") living on reservation land in Arizona. Faras, and other Tribal members, became concerned with deteriorating living conditions on the reservation. In response, they formed a grievance committee in which Faras has acted as chairperson. Faras believed that the Tribe was misappropriating funds received from the federal government pursuant to grants and contracts under the Indian Self-Determination and Education Assistance Act ("ISDA"), Pub.L. No. 93-638, 88 Stat. 2203 (1975) (codified as amended at 25 U.S.C. Secs. 450-458e), and neglecting its responsibilities to the Tribal members. The Tribe has repeatedly denied the grievance committee access to Tribal records of receipt and administration of ISDA funds.
 
 
 2
 Faras commenced this action for declaratory and injunctive relief in district court against the Secretary of the Interior and the Assistant Secretary of Indian Affairs ("the agency"). She raises three claims in her complaint: First, the agency has breached its statutory and regulatory duty to ensure the Tribe's proper administration of ISDA funds by failing to enforce the provisions of the ISDA and its regulations.[1] Second, the agency has breached its fiduciary duty to do the same. Third, the agency has failed to ensure Tribal compliance with regulations that provide access for Tribal members to ISDA-related documents. Faras' complaint seeks a court order directing the agency to alter its actions and properly enforce the ISDA and its regulations with regard to the Tribe.
 
 
 3
 The agency moved to dismiss the complaint on a number of grounds: sovereign immunity; lack of a private right of action; absence of reviewable agency action under section 10 of the Administrative Procedure Act ("APA"), ch. 324, 60 Stat. 237, 243 (1946) (codified as amended at 5 U.S.C. Sec. 701 et seq.); and failure to exhaust administrative remedies. Over Faras' opposition, the district court granted the agency's motion and dismissed the action. The court made the following determinations: Faras has no private right of action; the agency actions (or inactions) are committed to agency discretion by law and thus are unreviewable; Faras failed to exhaust her administrative remedies; the document access claim may have stated a claim against the Tribe but not the agency; and the fiduciary duty claim was inadequately pled. The court did not address the agency's sovereign immunity challenge.
 
 
 4
 Faras contests each of the district court's rulings in this appeal. During our review of the dismissal, all allegations of material facts are taken as true and construed in the light most favorable to Faras, the nonmoving party. See Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986).
 
 DISCUSSION
 
 5
 As a threshold matter, we address the district court's ruling that Faras has failed to exhaust administrative remedies available to her. The court decided that Faras' challenge of the agency's decision not to enforce the ISDA must first be brought as an appeal under the administrative procedures prescribed by 25 C.F.R. part 2.[2] Whether Faras was required to exhaust the administrative remedies included in 25 C.F.R. part 2 requires close scrutiny of that section.
 
 
 6
 Part 2 sets up formal procedural rules for appeals from "actions or decisions by officials of the Bureau of Indian Affairs." 25 C.F.R. Sec. 2.2. Any person adversely affected by agency action has a right of appeal. See id. Sec. 2.3(a). People are adversely affected by agency action when their legal rights or privileges are violated. See id. Sec. 2.1(d). Legal rights and privileges are defined as favorable positions in legal relationships that arise under the Constitution, statutes, regulations or other law. See id. Sec. 2.1(f), (g). The appeal must take the form of a written request for correction, directed first to the Area Director, then to the Commissioner of Indian Affairs, then to the Board of Indian Appeals. See id. Secs. 2.1(d), 2.3(a).
 
 
 7
 These formal procedures do not apply to people not adversely affected by agency action (i.e., those whose rights or privileges have not been violated). See id. Secs. 2.2, 2.3(a). People whose own legal rights or privileges are not violated and who are merely concerned with the propriety of agency action may file a written complaint. See id. Sec. 2.1(e). The complaint process may be formal or informal and need not follow the formal appeal procedure. See id. Sec. 2.2.
 
 
 8
 Faras argues that her dispute qualifies as a complaint, rather than an appeal; and therefore, she was not compelled to follow the formal administrative procedures of 25 C.F.R. part 2. She contends that the appeal process is only applicable when affirmative agency action directly intrudes upon individualized rights or privileges. There was no affirmative agency action directly taken against Faras' individualized rights or privileges in this case.
 
 
 9
 There is no reason to limit the appeals process to only those who allege direct agency violation of individualized legal interests. It is more reasonable to employ a construction of part 2 that is somewhat akin to a "standing" requirement for access to the appeals process. Thus, people who allege that the agency's actions or decisions have caused actual injury to their interests, and whose interests are within the zone of interests to be protected by a particular provision of law, are afforded formal administrative recourse. See Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 151-54, 90 S.Ct. 827, 829-30, 25 L.Ed.2d 184 (1970). Only those whose interests are not injured or within the protected zone are excluded.[3]
 
 
 10
 Faras does allege injury to her interests as a result of the agency's decision not to enforce the ISDA. Moreover, she has consistently argued, and we agree, that her interests are within the zone of interests to be protected by the ISDA. Therefore, her dispute qualifies as an appeal under part 2. Whether she in fact possesses a legal interest sufficient to compel enforcement goes to the merits, and is not determinative of whether she should have pursued an appeal.
 
 
 11
 Exhaustion of the appeal procedures is made a jurisdictional prerequisite to judicial review by 25 C.F.R. Sec. 2.3(b). Faras did no more than request enforcement from a Deputy Area Director. She had at least two further appeals open to her under part 2. Consequently, the district court properly dismissed Faras' action.
 
 CONCLUSION
 
 12
 Because we have determined that Faras' action was properly dismissed for failure to exhaust the administrative remedies of 25 C.F.R. part 2, we express no opinion on the district court's remaining bases for dismissal. In addition, we are not persuaded that the $250 sanction imposed upon Faras' counsel (pursuant to Fed.R.App.P. 46(c) and Circuit Rule 42-1) for failure to file a timely civil appeals docketing statement (pursuant to Circuit Rule 33-1) should be reduced or waived.
 
 
 13
 Accordingly, the district court's judgment and the sanction imposed by this court are AFFIRMED.
 
 
 
 [1]
 Faras also asserts the Single Audit Act ("SAA"), Pub.L. No. 98-502, 98 Stat. 2327 (1984) (codified at 31 U.S.C. Secs. 7501-7507), as a basis for her substantive rights. The SAA is generally incorporated into the ISDA via 25 U.S.C. Sec. 450j(a)
 
 
 [2]
 In ruling that Faras had not exhausted available administrative remedies in seeking access to Tribal documents, the district court also referred to the Privacy Act, Pub.L. No. 93-579, Sec. 3, 88 Stat. 1897 (1974) (codified as amended at 5 U.S.C. Sec. 552a); and the Freedom of Information Act, Pub.L. No. 89-554, 80 Stat. 383 (1966) (codified as amended at 5 U.S.C. Sec. 552). These Acts are incorporated into the ISDA regulations, see 25 C.F.R. Secs. 271.48 (FOIA), 271.56 (Privacy Act). However, the established procedures for obtaining access to documents, see 43 C.F.R. part 2, cannot neatly be applied when, as here, the documents are not in the possession of the government, but of the Tribe. We reject this ground for dismissal
 
 
 [3]
 The excluded "complainants" would be limited to informal administrative procedures. They have no direct access to judicial review. 25 CFR Sec. 2.3(b)