846 F.2d 45
 Cecil FRESHER; Gerald Cochran; Don Sorenson; Bob Jones;
Leland Wienke; Monte Cooper; Jerry Illingworth; Bruce
Chapman; Tom Doll; George Schreiner; Robert Peck; Denny
Bird; Eddie Attrash; Mark Saxe; Fresne's Auto Service,
Inc.; and Dwight Estby, Plaintiffs-Appellants,
v.
SHELL OIL COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 87-3781.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 7, 1988.
Decided May 5, 1988.
 
 Mark A. LaMantia, Evanston, Ill., John S. Butterfield, Shannon and Johnson, Portland, Or., for plaintiffs-appellants.
 George A. Nachtigall, Shell Oil Co., Houston, Tex., for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN, NELSON and LEAVY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants are retail dealers of motor fuels in Portland, Oregon. Each entered into a Dealer Agreement and Motor Fuel Station Lease with appellee, Shell Oil Company (Shell). Under the agreements the dealers have the right to purchase and resell motor fuels under the Shell trademark at station locations owned by Shell.
 
 
 2
 The dealers brought this action in U.S. District Court alleging that Shell had agreed to assign their lease and supply agreements to Pacific Northern Oil Corporation (Pacific). They further alleged that such assignments would result in termination of their franchises and deny them the protections granted by the Petroleum Marketing Practices Act (PMPA). 15 U.S.C. Secs. 2801-2806 (1982). The dealers requested injunctive relief and damages.
 
 
 3
 Pacific and Shell moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court (U.S. Magistrate) granted the motions on the ground that the proposed assignments did not constitute a termination under the PMPA. The dealers timely appeal the dismissal of their action against Shell pursuant to 28 U.S.C. Sec. 636(c)(3). We affirm.
 
 STANDARD OF REVIEW
 
 4
 Dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). Review is limited to the contents of the complaint. Id. A complaint should not be dismissed under the rule "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986) (citations omitted).
 
 DISCUSSION
 
 5
 Congress enacted Title I of the PMPA to establish "minimum Federal standards governing the termination and nonrenewal of franchise relationships for the sale of motor fuel by the franchisor or supplier." S.Rep. No. 731, 95th Cong., 2d Sess. 15 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 873. Title I protects franchisees from arbitrary or discriminatory termination of their franchises. Id., 1978 U.S.Code Cong. & Ad.News at 874. It prohibits a franchisor from terminating a franchise unless the termination is based upon a ground specified in the statute and executed in accordance with the statute's notice requirements. Id., 1978 U.S.Code Cong. & Ad.News at 874.
 
 
 6
 A franchise is defined in terms of three elements: a contract to use the refiner's trademark, a contract for supply of motor fuel to be sold under the trademark, and a lease of the premises at which the motor fuel is sold. Id. at 17, 1978 U.S.Code Cong. & Ad.News at 875; Barnes v. Gulf Oil Corp., 795 F.2d 358, 360 (4th Cir.1986).
 
 
 7
 The dealers have not alleged Shell's breach of any agreements which constitute components of their franchises. If Pacific breaches such agreements in the future, the dealers can then bring suit. Their present action is premature and was properly dismissed.
 
 CONCLUSION
 
 8
 The district court's dismissal is affirmed.