89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan A. CONTRERAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55601.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Contreras appeals the district court's dismissal of his complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Contreras filed this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680 (1989), for injuries suffered when Contreras was struck by a vehicle after Border Patrol agents confiscated his vehicle and allegedly forced him to walk to the nearest town. We review de novo the dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We review the contents of the complaint, construing it in the light most favorable to the plaintiff and accepting the allegations as true. Western Reserve Oil and Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985), cert. denied, 474 U.S. 1056 (1986). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-56 (1957)). Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 
 
 3
 Contreras contends that the district court erred by dismissing his complaint for failure to state a claim under the FTCA on the ground that the Border Patrol agents owed no duty under California state law. This contention has merit.
 
 
 4
 Under the FTCA, the question of liability is determined with reference to state law. See 28 U.S.C. § 2674. Under California law, to establish negligence a party must prove: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. See Jackson v. Ryder Truck Rental, Inc., 16 Cal.App.4th 1830, 1837 (1993). California courts have imposed on police officers a duty to transport when the public safety requires it. See People v. Tobin, 219 Cal.App.3d 634, 638-39 (1990).
 
 
 5
 Here, Contreras alleged in his complaint that Border Patrol agents confiscated Contreras' vehicle and required him to walk to the nearest town on a highway at night with his luggage. While he was walking, the driver of a vehicle drove off the highway and struck Contreras from behind.
 
 
 6
 In Tobin, the California Court of Appeals imposed a duty on the police to transport the occupants of a vehicle who were in a position of danger to themselves and to other members of the public. See id. at 639-40. The Tobin court imposed a duty to transport on police officers where: (1) it was night, (2) the occupants of the vehicle were on the shoulder of a busy freeway, and (3) walking on the freeway is both dangerous and illegal. See id. at 638-39. Because Contreras' allegations are sufficiently similar to those in Tobin, he may be able to demonstrate that the officers subjected him to a foreseeable and unreasonable risk of harm from motorists. Because the California Court of Appeals imposed a duty on the police in these circumstances, we cannot say that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Gibson, 781 F.2d at 1337. Accordingly, dismissal was improper.[1] Contreras is awarded his costs on this appeal.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion as to the quality of Contreras's evidence that the border patrol agents gave him no choice but to walk to the nearest town. See Western Reserve Oil and Gas Co., 765 F.2d at 1430