**NORTH STAR INTERNATIONAL, a Nevada Corporation, Plaintiff-Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, et al., Defendants-Appellees.**

No. 82-5984.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1983.

Decided Oct. 18, 1983.

Michael W. Sillyman, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Norris L. Ganson, Tucson, Ariz., for plaintiff-appellant.

Before WALLACE, TANG, and NELSON, Circuit Judges.

WALLACE, Circuit Judge:

North Star International (North Star) appeals from a district court order dismissing its action for failure to state a claim upon which relief can be granted. We affirm.

I

North Star alleges in its complaint that it is a Nevada corporation with its principal place of business in Tucson, Arizona. North Star was formed by the shareholders of Polaris International Metals, Inc. (Polaris) to exploit development of the "Redox" process, a radically different method of producing iron and steel. As part of an effort to raise capital, North Star successfully completed a Regulation A filing with the United States Securities and Exchange Commission. North Star next applied to the Arizona Corporations Commission (Arizona Commission) for a statutory exemption from applicable Arizona security regulations in offering its shares to Polaris shareholders residing in Arizona. After the Securities Division of the Arizona Corporations Commission denied North Star's request for exemption, North Star applied for registration by qualification and requested a hearing in connection with its application. Before a hearing was set, North Star filed this action for injunctive and declaratory relief.

North Star's complaint alleges that the Arizona Commission is passing on the merits of North Star's proposed offering and challenges the constitutionality of the Arizona statutes authorizing the Arizona Commission to conduct such a review under the supremacy clause and the commerce clause. The complaint also claims that the Arizona Commission deprived North Star of due process by failing to hold a hearing and violated North Star's civil rights by exercising Commission powers in an arbitrary and unreasonable manner.

The Arizona Commission filed a motion to dismiss North Star's complaint on August 6, 1982. The Securities Division of the Arizona Commission held a hearing concerning North Star's application on August 16. A final order denying North Star's request for registration by qualification was entered September 30. The motion to dismiss was argued October 18, and on October 21, the district court granted the motion and dismissed the action. North Star filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II

In reviewing a dismissal for failure to state a claim upon which relief can be granted, we accept all material allegations in the complaint as true and construe them in the light most favorable to North Star. See Lodge 1380, Brotherhood of Railway, Airline and Steamship Clerks v. Dennis, 625 F.2d 819, 825 (9th Cir.1980) (Lodge 1380). A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law. Yuba Consolidated Gold Fields v. Kilkeary, 206 F.2d 884, 889 (9th Cir.1953).

North Star contests the constitutionality of certain Arizona statutes which make it a crime to sell securities "within or from" the state unless they are registered with the Arizona Commission [1] and empower the Arizona Commission to deny registration of securities it finds to be unfair or inequitable to investors.[2] The primary argument ad-

---

1. A. It is unlawful to sell or offer for sale within or from this state any securities unless such securities have been registered by description under §§ 44–1871 through 44–1875 or registered by qualification under §§ 44–1891 through 44–1900, except securities exempt under §§ 44–1843 or 44–1843.01 or securities sold in exempt transactions under § 44–1844.

B. A person violating this section is guilty of a class 4 felony.
Ariz.Rev.Stat.Ann. § 44–1841 (Supp.1982).

2. The commission may enter an order denying the registration of any securities to be registered by qualification, if, after a hearing or notice and opportunity for hearing as pro-

vanced in North Star's briefs is that Arizona cannot validly regulate a securities offering from Arizona to residents of other states because Arizona's merit review provision is in fundamental conflict with the disclosure provisions of the Securities Act of 1933 and places an impermissible burden on interstate commerce. During oral argument, North Star conceded that Arizona may validly apply its merit review provision to wholly intrastate offerings and emphasized that it was challenging only the merit review provisions as applied to interstate offerings. Thus, the two constitutional issues North Star would have us decide are: (1) whether the Arizona statutes empowering the Arizona Commission to review the merits of securities offered from Arizona to residents of other states are in fundamental conflict with the federal securities laws and therefore invalid under the supremacy clause; and (2) whether the statutes, as applied to interstate offerings, violate the commerce clause.

■ The narrow scope of review on an appeal from a dismissal for failure to state a claim upon which relief can be granted does not allow us to reach the merits of either issue. Our inquiry is limited to the content of the complaint. *Lodge 1380,* 625 F.2d at 824; 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1356, at 592 (1969). The complaint does not allege that North Star desires to offer shares to residents of other states or that it applied to the Arizona Commission for registration of securities to be offered from Arizona to residents of other states. The complaint only alleges that North Star "made application to the Arizona Corporations Commission ... to exempt the sale of its stock to approximately 157 residents of Arizona" and that it later "requested that said filing be transferred to a registration by qualification." Because North Star does not allege in its complaint that it intends to offer its securities to residents of other states or

that it has applied for registration of such securities, we will not consider the validity of the Arizona statutes in this hypothetical situation. The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint. *Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir.1981). We need not reach issues for which there is no foundation in the complaint.

■ North Star argues that it is appropriate for us to consider the validity of the Arizona statutes as applied to an interstate offering because prior to the filing of the Arizona Commission's motion to dismiss, North Star had submitted a trial memorandum with 48 attached exhibits, some of which show North Star's intent to offer the securities to residents of other states besides Arizona. North Star argues that the exhibits were not excluded and therefore served to convert the motion to dismiss into a motion for summary judgment. North Star cites Federal Rule of Civil Procedure 12(b), which states in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In *Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81 (9th Cir.1968), we reversed a judgment dismissing the plaintiff's complaint for failure to state a claim because the district court had before it the defendant's affidavit in support of the motion to dismiss, did not treat the motion as one for summary judgment, and did not indicate in its order that the affidavit had been excluded in its consideration. In a later case, however, we explained that in *Costen* there

---

vided by article 11 of this chapter, it finds that:

. . . . .

3. The sale of securities works or would tend to work a fraud or deceit upon the

purchasers thereof, or is or would be unfair or inequitable to the purchasers.

Ariz.Rev.Stat.Ann. § 44–1921.3 (1967).

was evidence that the district court "did in fact consider matters outside the complaint." *Lodge 1380,* 625 F.2d at 825, *quoting Costen v. Pauline's Sportswear, Inc.,* 391 F.2d at 84. From our reasoning in *Lodge 1380,* it becomes apparent that a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court. In *Lodge 1380,* we held that the district court properly dismissed for failure to state a claim upon which relief could be granted because nothing in the record suggested reliance on the affidavit and the district court had expressly indicated that it was dismissing for failure to state a claim upon which relief could be granted. 625 F.2d at 825. Here, as in *Lodge 1380,* there is no indication that the district court relied on the documents filed with North Star's earlier filed trial memorandum in ruling on the Arizona Commission's motion to dismiss. In addition, the outside materials were not submitted by the moving party in support of the motion or by the opposing party in response to the motion. Moreover, the order of dismissal expressly states that it is for failure to state a claim upon which relief can be granted. Under these circumstances, we hold that the district court properly treated the motion as a motion to dismiss and was not required to follow summary judgment procedures.

### III

Having concluded that the district court properly treated the Arizona Commission's motion as a motion to dismiss, the only question left for us to decide is whether the complaint states a claim upon which relief can be granted. We hold that it does not.

### A.

■ North Star conceded during oral argument that no serious contention can be made that application of Arizona's merit review provision to an intrastate offering contravenes either the supremacy clause or the commerce clause. We find this conces-

sion appropriate. State statutes will be held invalid under the supremacy clause when they attempt to legislate in an area in which Congress intended to entirely occupy the field or when they are in actual conflict with a federal statute or statutes. *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 157–58, 98 S.Ct. 988, 994–95, 55 L.Ed.2d 179 (1978). North Star's complaint fails as a matter of law to establish either strand of preemption. In enacting the Securities Act of 1933, 15 U.S.C. § 77a *et seq.,* Congress expressly recognized the concurrent jurisdiction of the states in regulating securities. *See* 15 U.S.C. § 77r. In upholding the Illinois securities laws against a supremacy clause attack, the Illinois Supreme Court observed that forty-seven states had some form of securities laws in force when Congress passed the Securities Act of 1933 and concluded that if Congress had intended to supersede the state laws it would have expressly so indicated. *See Crosby v. Weil,* 382 Ill. 538, 546, 48 N.E.2d 386, 390 (1943). We agree.

■ Nor do we find any actual conflict between Arizona's merit review provision and the federal securities laws. "A conflict will be found 'where compliance with both federal and state regulations is a physical impossibility . . . ,' or where the state 'law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Ray v. Atlantic Richfield Co.,* 435 U.S. at 158, 98 S.Ct. at 994, *quoting Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963), *and Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). Although we were cited to no federal court precedent, nor did we find any, we have no difficulty concluding that state merit review of an intrastate securities offering does not conflict with the Securities Act of 1933 or the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* The federal securities laws are aimed only at full disclosure. State regulatory efforts which are aimed at reviewing the merits of a securities offering do not stand as obstacles to

effective implementation of the federal regulatory scheme. While the state standards are more stringent than the federal standards, it is possible to comply with both. We hold that there is no actual conflict between Arizona's merit review provision and the federal securities laws. *Cf. Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 141–43, 83 S.Ct. at 1216–17 (1963) (upholding, against supremacy clause attack, California regulations for gauging the maturity of avocados which imposed higher standards than federal regulations and prevented the marketing of Florida avocados which met the federal standards).

### B.

 Even without implementing legislation by Congress, the commerce clause acts as a limitation upon the power of the states. *Great Atlantic & Pacific Tea Co. v. Cottrell,* 424 U.S. 366, 370–71, 96 S.Ct. 923, 927–28, 47 L.Ed.2d 55 (1976). Although a state may not impose direct regulation on interstate commerce, *Shafer v. Farmers' Grain Co.,* 268 U.S. 189, 199, 45 S.Ct. 481, 485, 69 L.Ed. 909 (1925), a state statute will be upheld if it "regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental ... unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). The Supreme Court has consistently upheld the authority of states to enact "blue-sky" laws against commerce clause challenges. *Edgar v. Mite Corp.,* 457 U.S. 624, 640–641, 102 S.Ct. 2629, 2640, 73 L.Ed.2d 269 (1982), *citing Hall v. Geiger-Jones Co.,* 242 U.S. 539, 37 S.Ct. 217, 61 L.Ed. 480 (1917), *Caldwell v. Sioux Falls Stock Yards Co.,* 242 U.S. 559, 37 S.Ct. 224, 61 L.Ed. 493 (1917), and *Merrick v. N.W. Halsey & Co.,* 242 U.S. 568, 37 S.Ct. 227, 61 L.Ed. 498 (1917). Blue-sky laws were upheld in these decisions because "they only regulated transactions occurring within the regulating states ... [and] 'affect[ed] interstate commerce in [securities] only incidentally.'" *Edgar v. Mite Corp.,* 457 U.S. at 641, 102 S.Ct. at 2640,

*quoting Hall v. Geiger-Jones Co.,* 242 U.S. at 558, 37 S.Ct. at 223. In light of these authorities, North Star's complaint, which alleges only that its securities are to be offered to residents of Arizona, was properly dismissed.

### IV

 The only remaining claims in North Star's complaint are allegations that the Arizona securities statutes and rules and regulations promulgated thereunder are unconstitutional because they are vague and uncertain and were applied in an uneven-handed, arbitrary, capricious, and discriminatory manner. Because the complaint is vague, conclusory, and general and does not set forth any material facts in support of the allegations, these claims were properly dismissed. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982); *Benson v. Arizona State Board of Dental Examiners,* 673 F.2d 272, 275–76 (9th Cir.1982); *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir.1976) (per curiam); *Finley v. Rittenhouse,* 416 F.2d 1186, 1187 (9th Cir. 1969) (per curiam).

AFFIRMED.