972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward F. WILLS, Kenneth Lee Krause, and David Bean,
Plaintiff-Appellants,
v.
COMMERCIAL DRAPERY CONTRACTORS, INC., Defendant-Appellee.
 No. 91-16806.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Wills, a Nevada state prisoner, appeals the district court's dismissal of his 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act) claim against Commercial Drapery Contractors, Inc. for allegedly withholding required prison workers' wages. The district court dismissed Wills' complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We affirm.
 
 
 3
 Section 1915(d) permits the district court to dismiss an in forma pauperis claim "if satisfied that the action is frivolous or malicious." Dismissal before service of process on § 1915(d) grounds is proper. Neitzke v. Williams, 490 U.S. 319, 324 (1990). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id.
 
 
 4
 To establish a claim under 18 U.S.C. § 1962, Wills must prove that Commercial Drapery conducted an enterprise through a pattern of racketeering activity. Wills fails to meet his burden. He has not established that the inmates were promised a higher wage than their actual salary. Contrary to Wills' assertion, the plain language of 18 U.S.C. § 1761(c)(1) permits prison officials to deduct (up to) eighty percent of an inmates' salary for enumerated expenses.
 
 
 5
 Wills merely alleges violations of federal laws that would, if supported by facts, constitute a RICO violation. He has failed to show that Commercial Drapery violated: 1) 18 U.S.C. § 664 (theft or embezzlement from an employee benefit plan); 2) 18 U.S.C. § 1510 (obstruction of criminal investigations); and 3) 18 U.S.C. § 2314 (transportation of stolen goods). Mere conclusory allegations, unsupported by any facts, are insufficient. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 583 (9th Cir.1983) ("Because the complaint is vague, conclusory, and general and does not set forth any material facts in support of the allegations, these claims were properly dismissed"). The district court did not err in dismissing Wills' action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3