985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam STANSON; Vance Hotel, Ltd., a California limited
partnership, Plaintiffs-Appellants,
v.
Michael CALLIGAN; Edward Davenport; City of Eureka; Tom
Hannah; James Howard; James Lamont; Michael Malloy;
David A. Prendergast; Donald Roberts; David Tooley; James
Worthen, Defendants-Appellees.
 Nos. 91-16028, 91-16217.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-90-01329-JPV; John P. Vukasin, Jr., District Judge, Presiding.
 Before CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sam Stanson and the Vance Hotel, Ltd. appeal from the district court's dismissal of their complaint for failure to state a claim and failure to comply with Fed.R.Civ.P. 8(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. FACTUAL BACKGROUND
 
 3
 This action was filed in May 1990 by Sam Stanson ("Stanson") and the Vance Hotel, Ltd. ("Vance") against the City of Eureka and various city employees. Stanson is a general partner in Vance, a limited partnership that owns a 100 year-old hotel in Eureka, California, known as the Vance Hotel. The complaint stated claims based on violations of 18 U.S.C. § 1961 et seq. (RICO), civil rights violations under 42 U.S.C. § 1983, and several state law causes of action.
 
 
 4
 The complaint's allegations stem from a protracted legal conflict between Stanson and the City of Eureka involving Stanson's attempts to develop the Vance Hotel. Beginning in 1985, Stanson brought several unsuccessful lawsuits against the city alleging, among other things, that the city violated Stanson's constitutional rights to develop the hotel property by arbitrarily refusing to issue building permits.[1]
 
 
 5
 In this case, Stanson and Vance allege that because of Stanson's prior litigation against the city and his public support of a campaign to recall the Eureka City Council, the defendants embarked on a conspiracy to destroy Stanson financially. The defendants' retaliation allegedly took numerous forms, including the commencement of specious litigation against Stanson in state court, the wrongful denial of building permits, threats of violence, the false arrest of Stanson, and the evacuation of the Vance Hotel.
 
 
 6
 In December 1990, the district court dismissed the complaint's civil rights claim based on the Equal Protection Clause for failure to state a claim.[2] Several other civil rights claims were dismissed with leave to amend in accordance with Fed.R.Civ.P. 8(a).[3] The court's order cited some of the complaint's many "vague or inapplicable allegations," and stated: "The complaint makes no direct connections between the wrongful acts and the constitutional claims, nor does it link specific acts with specific defendants." The district court also dismissed the RICO claims with leave to amend and ordered the plaintiffs to submit a detailed "RICO Statement."
 
 
 7
 After Stanson and Vance filed an amended complaint and a RICO Statement, the district court granted a second motion to dismiss in May of 1991. The RICO claims were dismissed for failure to state a claim upon which relief could be granted. The claims based on civil rights violations were dismissed "for failure to link specific allegations of wrongdoing with specific violations of constitutional rights."
 
 II. DISCUSSION
 A. Dismissal for Failure to State a Claim
 
 8
 We review a dismissal for failure to state a claim de novo. Blake v. Dierdorff, 856 F.2d 1365, 1368 (9th Cir.1988). Thus, we must accept the complaint's material allegations as true and resolve any doubts in the plaintiffs' favor. Id.
 
 1. Equal Protection Claim
 
 9
 To establish a violation of the Equal Protection Clause, a plaintiff must show that he was treated differently from other similarly situated persons. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Stanson and Vance argue merely that the Equal Protection Clause must have been violated because all citizens in the community were not treated the way Stanson was treated. The complaint does not allege any facts that would indicate that the defendants discriminated on the basis of a suspect classification, or that the plaintiffs were treated differently from other similarly situated property owners. The complaint's "[v]ague and conclusory allegations" are insufficient to state a claim under 42 U.S.C. § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 2. RICO Claims
 
 10
 In a civil RICO cause of action, any person who suffers injury to business or property caused by a violation of 18 U.S.C. § 1962 can sue for treble damages and attorney's fees. 18 U.S.C. § 1964(c) (1984). To prove that the defendant violated one of the provisions of § 1962, the plaintiff must demonstrate "a pattern of racketeering activity." 18 U.S.C. § 1962 (1984). "Racketeering activity" is defined as any violation of a series of federal statutes listed in § 1961. § 1961(1) (Supp.1992).
 
 
 11
 a. Exemption of Municipalities
 
 
 12
 The City of Eureka argues that the RICO claims against the city were properly dismissed because civil RICO actions cannot be maintained against municipalities. Although our reasoning in Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 404 (9th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992), suggests that municipalities should be exempt from all civil RICO liability, we have never so expressly held. We need not consider whether a city's exemption from civil RICO liability extends beyond the mail fraud context, however, because we conclude that Stanson and Vance did not adequately plead at least two predicate acts needed to establish a pattern of racketeering activity, see Lancaster, 940 F.2d at 405, in their claims against both the city and the individual defendants.
 
 
 13
 b. Failure to Adequately Plead Predicate Acts
 
 
 14
 Plaintiffs' RICO Statement relies on three predicate acts: obstruction of justice (18 U.S.C. § 1503); tampering with a witness (18 U.S.C. § 1512); and interference with commerce (18 U.S.C. § 1951).
 
 
 15
 Stanson and Vance argue that the defendants violated the first two of these statutes when they allegedly procured "perjured testimony and false evidence" in two prior bankruptcy proceedings. However, the pleadings fail to describe the identity of the perjurers, the particular defendants involved, or the nature of the false evidence. The RICO Statement's conclusory and general allegations are insufficient to state a claim upon which relief can be granted. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 583 (9th Cir.1983); Flowers v. Continental Grain Co., 775 F.2d 1051, 1054 (8th Cir.1985) (plaintiff in civil RICO claim required to plead predicate acts with some degree of specificity and clarity).
 
 
 16
 Stanson and Vance also allege that the defendants violated 18 U.S.C. § 1951, which prohibits the obstruction of commerce by extortion. 18 U.S.C. § 1951(a) (1984); Stirone v. United States, 361 U.S. 212, 218 (1960). Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2) (1984).
 
 
 17
 It follows from this definition that there can be no extortion, and hence no § 1951 violation, unless the perpetrator obtains property from the victim. Stanson and Vance argue only that the defendants sought to destroy Stanson financially in order to obtain the hotel property later at reduced cost. They do not allege that the defendants coerced them into relinquishing any property, and therefore have failed to state a claim.
 
 
 18
 B. Dismissal for Failure to Comply with Rule 8(a)
 
 
 19
 The district court dismissed all of the amended complaint's civil rights claims for failure to comply with Fed.R.Civ.P. 8(a) and with the court's earlier order.[4] Therefore we review the dismissal under an abuse of discretion standard. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 20
 Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must " 'give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly.' " Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984) (quoting 2A James W. Moore et al., Moore's Federal Practice p 8.13 at 8-111 (2d ed. 1983)). Under Fed.R.Civ.P. 41(b), a district court may dismiss with prejudice a complaint that does not comply with Rule 8(a). Nevijel, 651 F.2d at 673.
 
 
 21
 In Nevijel, we affirmed a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory." 651 F.2d at 674. We noted that the district court need not exhaust all possible alternatives to final dismissal, as long as "possible and meaningful alternatives [are] reasonably explored." Id.
 
 
 22
 In this case the district court did not abuse its discretion in dismissing the plaintiffs' civil rights claims. The district court gave the plaintiffs clear and specific guidance in its initial order as to the level of particularity required, and the plaintiffs failed to comply with that order. Like the original complaint, the amended complaint again presents a verbose list of the defendants' alleged actions followed by a list of the constitutional provisions allegedly violated. Like the complaint in Nevijel, it is confusing and conclusory. Especially in light of the district court's clear instructions in the initial dismissal without prejudice, the district court did not abuse its discretion in dismissing the civil rights claims.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As requested by defendants, we take judicial notice of complaints filed by Stanson in three state proceedings. We note, however, that our decision rests on other grounds and is not based on Stanson's litigation in state court
 
 
 [2]
 The December 1990 order also dismissed the pendent state law claims, and civil rights claims based on the Taking Clause, the Second Amendment and the Sixth Amendment. Stanson and Vance appeal only the dismissal of the Equal Protection claim
 
 
 [3]
 Fed.R.Civ.P. 8(a) provides in part that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."
 
 
 [4]
 The plaintiffs' assumption that these claims were dismissed for failure to state a claim is erroneous. In its initial order, the district court relied on Rule 8(a) in directing the plaintiffs to file an amended complaint linking specific wrongful acts cited in the complaint with specific constitutional claims and with specific defendants. After the plaintiffs filed an amended complaint, the court found that the civil rights claims again were inadequately pleaded and dismissed them for "failure to link specific allegations of wrongdoing with specific violations of constitutional rights." It is clear that the dismissal was based either on the plaintiffs' failure to comply with the court's earlier order or on Rule 8(a) itself
 We address only the dismissal under Rule 8(a), but note that the district court could also have properly dismissed for failure to comply with its earlier order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 121 L.Ed.2d 242 (1992) (dismissal for failure to comply with court order reviewed under abuse of discretion standard).