999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdullah MUHAMMAD, Plaintiff-Appellant,
v.
Jim ROWLAND, Defendant-Appellee.
 No. 92-16023.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided July 23, 1993.
 
 Before WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Muhammad, a California state prisoner, appeals from the district court's dismissal (which we interpret as a dismissal of the action as to certain defendants) and summary judgment in favor of certain defendants in Muhammad's 42 U.S.C. § 1983 action alleging various violations of his constitutional rights. The district court had jurisdiction under 42 U.S.C. § 1983. Our jurisdiction over this timely appeal is founded on 28 U.S.C. § 1291. We affirm.
 
 
 2
 We review the summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to Muhammad, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 3
 Each of Muhammad's medical claims either is contradicted by undisputed facts in the record, has already been addressed by prison officials, or constitutes nothing more than an unactionable disagreement with prison medical personnel over the proper course of treatment. See Sanchez v. Vild, 891 F.2d 240, 242 (1989). Summary judgment against Muhammad was proper.
 
 
 4
 The district court's dismissal of Muhammad's action against Rowland, Perez, Alexander, Carillo, and Blair under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo to determine whether it appears beyond doubt that Muhammad can prove no set of facts in support of these claims which would entitle him to relief. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 5
 The district court correctly dismissed Muhammad's action against prison supervisory personnel who had no direct role in any of the circumstances of which Muhammad complains. See Meehan v. County of Los Angeles, 856 F.2d 102, 106-07 (9th Cir.1988).
 
 
 6
 Muhammad's contentions regarding prison conditions (toilet, ventilation, etc.) are too vague and conclusory to state a claim, and fail to identify specific facts establishing that the officials have intentionally deprived him of basic necessities. See Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 583 (9th Cir.1983). Dismissal was proper.
 
 
 7
 We have reviewed Muhammad's other contentions and hold that they have no merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4