**SOMERSET SOUTH PROPERTIES, INC., a California corporation, Plaintiff,**

v.

**AMERICAN TITLE INSURANCE COMPANY, a Florida corporation; and Does 1 through 100, Inclusive, Defendants.**

**No. CV 94–223 H (POR).**

United States District Court, S.D. California.

Nov. 10, 1994.

**356**

Mark E. Stutzman, San Diego, CA, for plaintiff.

Ronald L. Styn and Jeffrey N. Garland, Styn & Garland, San Diego, CA, for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HUFF, District Judge.

### INTRODUCTION

The plaintiff brought this action in federal court, pursuant to 28 U.S.C. § 1332, alleging claims for breach of the covenant of good faith and fair dealing, breach of contract, and for declaratory relief. The defendant now moves the court to dismiss the complaint. The defendant argues it had no potential duty to defend because the underlying action was limited to an allegation that loss was sustained due to a tortious misrepresentation. Further, the defendant argues, the insured did not suffer a compensable loss under the title insurance policy. Additionally, the defendant argues the court should dismiss the breach of the implied covenant claim because the plaintiff did not obtain a valid assignment of that claim.

### BACKGROUND

On December 3, 1986, a deed of trust was recorded in favor of Naimco–Clairemont, Inc. Defendant American Title Insurance Company issued a title insurance policy to Naimco, effective December 31, 1986, regarding the trust deed. After a default occurred, the plaintiff alleges Naimco, as beneficiary, caused Alvarado, as trustee under the deed, to commence judicial foreclosure proceedings.

Prior to the trustee's sale, plaintiff Somerset South Properties, Inc. requested information on the property from Alvarado and Naimco. Specifically, Somerset requested information regarding the priority of the trust deed. Anne Marie Stockard, an employee of Alvarado and Naimco, allegedly informed Somerset the trust deed was a second trust deed. The plaintiff, however, alleges the trust deed was a fourth trust deed. The plaintiff alleges it purchased the property under the mistaken belief the trust deed was a second trust deed.

On May 25, 1989, the plaintiff purchased the property for $65,700. After discovering the true status of the deed, the plaintiff commenced an action against Alvarado, Naimco, and Stockard in state court. The plaintiff sought damages based upon theories of negligence and negligent misrepresentation. The plaintiff alleged "the defendants were liable for damages that occurred as a result of the misrepresentation...." The defendants tendered the claims to American Title for defense. American Title agreed to defend the action, while reserving rights to deny coverage of liability.

On January 9, 1991, Alvarado and Naimco filed a petition in bankruptcy court under Chapter 11. This bankruptcy was related to the Pioneer Mortgage bankruptcy. As a result of the bankruptcy filing, the state court action was automatically stayed. In May 1991, the plaintiff settled its claims against Stockard. American Title paid the plaintiff $7,500 in settlement. The action was dismissed without prejudice with regard to the claims asserted against Alvarado and Naimco.

In June 1992, the bankruptcy court granted the plaintiff relief from the automatic stay. Consequently, the plaintiff filed a second action in state court against Alvarado and Naimco. In this action, the plaintiff

again alleged Alvarado and Naimco were liable for damages as a result of the alleged misrepresentation. In July 1992, the claims were tendered to American Title for defense. In September 1992, American Title denied coverage and refused to provide a defense to Alvarado and Naimco in the second action.

On December 23, 1993, Alvarado and Naimco executed a Stipulation for Entry of Judgment in the second action. The stipulation provided for the entry of judgment against Alvarado and Naimco in the amount of $100,000, plus attorney's fees in the amount of $30,736.37, and costs of $755.25, for a total sum of $131,491.62. In addition, Alvarado and Naimco assigned any rights they possessed against American Title to Somerset. In exchange, Somerset provided Alvarado and Naimco with a covenant not to execute the stipulated judgment against them. The judgment was entered without court approval of the settlement on February 22, 1993.

Somerset then filed this action against American Title. In this action, Somerset alleges claims for breach of the covenant of good faith and fair dealing, breach of contract, and for declaratory relief. American Title now moves the court to dismiss the complaint.

## DISCUSSION

### A. STANDARD FOR A MOTION TO DISMISS

When ruling on a motion to dismiss, the court must accept all material allegations of fact as true and must construe those allegations in the light most favorable to the non-movant. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). If the complaint fails to state a claim, the court should grant leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to relief under any set of facts proved. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1309 (9th Cir.1982).

### B. APPLICATION OF STANDARD

#### 1. Duty to defend

■ The defendant first argues the court should dismiss the complaint because the claims asserted in the second state court action were not potentially covered under the title insurance policy and, thus, it did not have a duty to defend. An insurer's duty to defend is broader than the duty to indemnify. *State Farm v. Eddy,* 218 Cal.App.3d 958, 965, 267 Cal.Rptr. 379 (1990). The duty to defend is measured at the outset of the litigation and arises only when the facts alleged "give rise to a potentially covered claim." *Devin v. United Svcs. Auto. Assn.,* 6 Cal.App.4th 1149, 1157, 8 Cal.Rptr.2d 263 (1992). If the claims asserted against the insured are not potentially covered under the policy, the insurer has no duty to defend. *Keating v. National Union,* 995 F.2d 154, 156 (9th Cir.1993).

■ The court finds the claims asserted by Somerset against the insured in the second state court action were not potentially covered under the title insurance policy and, consequently, American Title did not have a duty to defend the insured. The claims asserted against the insured in the underlying action were premised upon allegations that the insured made tortious misrepresentations. Somerset brought a tort action against the insured based on the insured's misrepresentations rather than a defect in title. If the insured had not made the alleged misrepresentation, Somerset would not have viable tort claims against the insured. Although asked directly by the court during oral argument, counsel for the plaintiff was unable to identify the claim asserted against the insured which triggered the duty to defend.

California courts have recognized no action for negligent misrepresentation exists, based on the title policy alone, when a defect in title is discovered. *Walters v. Marler,* 83 Cal. App.3d 1, 18, 147 Cal.Rptr. 655 (1978); *Lawrence v. Chicago Title,* 192 Cal.App.3d 70, 75, 237 Cal.Rptr. 264 (1987). As reasoned by the *Lawrence* court,

The insurer does not represent expressly or impliedly that the title is as set forth in the policy; it merely agrees that, and the insured only expects that, the insurer will pay for any losses resulting from, or he will cause the removal of, a cloud on the

insured's title within the policy provisions....

Accordingly, when the contingency insured against under the policy occurs, the title insurer is not, by that fact alone, liable to the insured for damages in contract or tort, but rather, is obligated to indemnify the insured under the terms of the policy. *Lawrence,* 192 Cal.App.3d at 75, 237 Cal. Rptr. 264. Thus, the plaintiff could not have pursued a claim against the insured based solely on the existence of the title insurance policy. Instead, the action was based on the alleged tortious conduct of the insured. A review of the title insurance policy reveals such a claim is not potentially covered under the policy. Consequently, American Title had no duty to defend the claims asserted against the insured.

Further, any loss suffered by the insured, as a consequence of the resulting stipulated judgment, was a result of the alleged misrepresentations. The court, therefore, grants American Title's motion to dismiss.

 In the alternative, on the breach of the implied covenant of good faith and fair dealing claim, the court dismisses this claim. The court finds the assignment from the insured to the plaintiff of the breach of the implied covenant claim is not valid.

Recent California case law holds that a judgment against the insured is a condition precedent to the insured's right to assign a cause of action for bad faith against the insurer. *Smith v. State Farm,* 5 Cal.App.4th 1104, 1114, 7 Cal.Rptr.2d 131 (1992). The *Smith* court held a stipulated judgment with a covenant not to execute will not bind the insurer because "it does not represent a recovery that will trigger a duty to indemnify, that is, a recovery imposing liability." *Id.* The court reasoned the "covenant not to execute shields the insured from such liability." *Id.*

The court found certain risks were introduced by these assignments, which override the policies of encouraging settlements and equalizing an insured's bargaining power. First, the court discussed California Evidence Code Section 1155, which prohibits evidence of insurance coverage in actions to recover damages for personal injuries. The court feared a prejudgment assignment could violate this rule because the issue of the insured's liability and insurance coverage could be combined in a single action. The court next noted a prejudgment assignment could remove the issue of the insured's liability from the adversarial context by presenting the insured as an ally of the claimant. Finally, the court feared prejudgment assignments could unfairly prejudice excess insurers.

In the present case, the insured and the plaintiff entered into a stipulated judgment and the insured obtained a covenant not to execute. The stipulated judgment consisted of $100,000, plus attorney's fees in the amount of $30,736.37, and costs of $755.25, for a total sum of $131,491.62. Thus, the situation presented in *Smith* is present because the insured is shielded from any liability which would trigger the duty to indemnify. The court, therefore, finds the assignment of the breach of the implied covenant claim is not valid.

The cases cited by the plaintiff are distinguishable. The Ninth Circuit case cited was decided prior to the *Smith* decision. *Consolidated American v. Mike Soper Marine,* 951 F.2d 186 (9th Cir.1991). In *Xebec Development v. National Union,* 12 Cal.App.4th 501, 15 Cal.Rptr.2d 726 (1993), the court held the prejudgment assignment of the breach of contract claim was valid, but distinguished an assignment of a claim for breach of the implied covenant of good faith and fair dealing. *Id.* at 527, 15 Cal.Rptr.2d 726. The court did not reach the issue whether *Smith* would prohibit the assignment of the breach of the implied covenant claim. *Id.* at 570–71, 15 Cal.Rptr.2d 726.

Finally, the *Smith* court distinguished situations in which a court approved a stipulation as a good faith settlement under California Code of Civil Procedure Section 877.6 or a similar statute. *Smith,* 5 Cal.App.4th at 1115 n. 4, 7 Cal.Rptr.2d 131. The court implied court involvement in a stipulation may avoid the competing policy considerations and render a prejudgment assignment valid. The subsequent determination by the court as to the extent of damages avoids the

problems of collusion and unfairness to the insurer posed by unreasonable settlements between the insured and the claimant. In the present case, the plaintiff does not allege the state court determined the stipulation or settlement was in good faith.

2. Estoppel

 The plaintiff argues the defendant is estopped from asserting it had no duty to defend the action because the defendant provided a defense and paid settlement monies in the first action filed in state court. The court finds the defendant is not estopped.

A plaintiff may not use equitable estoppel to create coverage under an insurance policy or broaden coverage under an insurance policy. *Aetna v. Richmond,* 76 Cal. App.3d 645, 652–53, 143 Cal.Rptr. 75 (1977). However, "if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of noncoverage." *Miller v. Elite,* 100 Cal.App.3d 739, 755, 161 Cal.Rptr. 322 (1980). In other words, "the insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert such grounds." *Id.*

In *Miller,* there was a single action in which the insurer refused to defend the insured. *Miller* does not provide support for the argument that if an insurer provides a defense in an initial action, the insurer is estopped from refusing to provide a defense in subsequent actions. Further, in the present case, the insurer reserved its rights, with regard to coverage, in the first action. At oral argument, the defendant stated it mistakenly provided a defense in the first action. The plaintiff has not presented the court with authority for the argument that if an insurer provides a defense in an initial action, the insurer is estopped from asserting no duty to defend in subsequently filed actions.

Finally, in *Miller,* the court required the plaintiff establish detrimental reliance in or-

der to assert estoppel. *Miller,* 100 Cal. App.3d at 754–55, 161 Cal.Rptr. 322. The plaintiff has not presented a sufficient showing of detrimental reliance. The plaintiff argues the insureds detrimentally relied on American Title's conduct by allowing a judgment to be entered against them. In the stipulated judgment, however, the parties recognize that American Title could choose not to provide a defense. The stipulated judgment is in the alternative: either American Title would provide a defense or the plaintiff would file an action against American Title for failure to provide a defense. Further, the insured also obtained a covenant not to execute the judgment. Thus, the insured was not subject to risk. The court, therefore, finds the defendant is not estopped.

IT IS SO ORDERED.