**RACEWAY PROPERTIES, LLC,**
Plaintiff—Appellant,

v.

**LSOF CARLSBAD LAND L.P.; et al., Defendants—Appellees.**

Nos. 03–55941, 03–56113.
D.C. Nos. CV–02–01360–IEG/NLS,
CV–02–01360–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Submission Deferred March 15, 2005.

Decided Oct. 27, 2005.

Arthur Dudley, Page, Salsbury & Dudley, Santa Cruz, CA, for Plaintiff–Appellant.

Stephen H. Marcus, Gittler & Bradford, Raymond G. Robinson, Raymond G. Robinson & Associates, Robert M. Philips,Jenkens & Gilchrist, Los Angeles, CA, Juanita R. Brooks, Fish & Richardson P.C., San Diego, CA, for Defendants–Appellees.

Before BROWNING, MAGILL,* and RYMER, Circuit Judges.

## MEMORANDUM**

Raceway Properties, LLC ("Raceway") appeals the district court's order granting the motion to dismiss Raceway's complaint by LSOF Carlsbad Land, L.P.; Lone Star Opportunity Fund, L.P.; Lone Star Partner, L.P.; LSOF Genpar III, Inc.; Hudson Advisors LLC; and John Dell (collectively "LSOF"). Raceway also appeals the district court's decision to deny its application under California Civil Code § 1714.10 to add LSOF's counsel as defendants. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

### I

### A

Although the terms of LSOF's loan to Raceway exceeded California's usury law limit, the district court dismissed the usury

---

* The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim on the basis of California Corporations Code § 25118(f)(2), a usury exemption for certain loans made to sophisticated borrowers. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980) (stating that an affirmative defense can be grounds for dismissing a claim if the requirements of the defense are "apparent on the face of the complaint"). Raceway raises three challenges to the district court's dismissal of its usury claim. We find no reversible error.

## 1

Raceway's first argument, that the district court interpreted the § 25118 exemption from the wrong perspective, does not compel us to reverse the ultimate outcome of the usury claim. The district court evaluated whether Raceway could "reasonably be assumed to have the capacity to protect [its] own interests" from the *court's own* perspective. Raceway contends that, under *People v. Graham*, 163 Cal.App.3d 1159, 210 Cal.Rptr. 318 (1985), the court should have interpreted the statute from *LSOF*'s perspective.

■ The correct perspective from which to evaluate the statute is an unanswered question of California law, but we do not need to decide that question to evaluate this case. Raceway has alleged facts sufficient to show that either a court *or* LSOF could reasonably have expected that Raceway had the capacity to protect its interests in this transaction. Allegations on the face of the complaint clearly show that Raceway had the ability to understand the loan's terms and risks through its financial experience and that of its professional advisors. As the district court noted, the complaint alleges that Raceway "had been in the business of real estate development for several years and had a history of stable relationships with its funding sources," which indicates that it should have sufficient financial experience to understand the terms and risks of a loan. Also, Raceway was represented by counsel in the transaction. Under California law, parties represented by their own independent counsel are presumed to know their rights. *Tubbs v. S. Cal. Rapid Transit Dist.*, 67 Cal.2d 671, 63 Cal.Rptr. 377, 433 P.2d 169, 174 (1967). Allegations in the complaint may show that Raceway lacked bargaining power or lacked a business option that would allow it to keep its $300,000 deposit, but they do not challenge whether Raceway had the *capacity* to protect its own interests in the loan transaction.

■ Raceway's second argument, that the district court omitted a licensed lender requirement from the § 25118 exemption, is unpersuasive. Section 25118(h), on its face, does not require licensing. It merely states that if a lender is otherwise required to be licensed in California to make a loan, the fact that its loan is exempt from California's usury provisions under § 25118 does not make it exempt from statutory licensing requirements.

■ Raceway's third argument, that the district court omitted a $2 million borrower asset requirement from the § 25118 exemption, is also unpersuasive. Based on commentary in the *Legislative Counsel's Digest*, Raceway argues that to qualify for the § 25118 exemption, the loan must meet both subsections (a) and (b)—it must be made to a borrower with at least $2 million in assets, *and* be for at least $300,000. However, Raceway's interpretation is inconsistent with the plain text of the statute. The language of subsection (c) makes it clear that (a) and (b) are disjunctive requirements of the § 25118 exemption; the legislative digest was presenting a broad stroke overview. *See, e.g., Coalition for Clean Air v. S. Cal. Edison Co.*, 971 F.2d 219, 227 (9th Cir.1992) ("[T]here is no

need to refer to the legislative history of a statute when the language of the statute is clear."); *Kern River Pub. Access Comm. v. City of Bakersfield,* 170 Cal.App.3d 1205, 217 Cal.Rptr. 125, 135 (Ct.App.1985) ("If the digest conflicts with the statute, it must be disregarded.").

### 2

Raceway also argues that the district court erred in denying Raceway leave to amend its complaint to add an allegation that the loan was partially guaranteed by Raceway's members.

California Corporations Code § 25118(e)(1) states that the exemption is inapplicable to debt that is "guaranteed (if the guaranty is part of the consideration for the indebtedness) by an individual." Raceway sought to add an allegation that the loan was guaranteed based on a letter written by LSOF's attorney to Raceway's members. The letter from LSOF's attorney does not create a factual dispute as to whether the loan was guaranteed. If it did, every loan made in California would be guaranteed because all loans are subject to the same California laws creating liability for member fraud, negligence, and willful misconduct. Therefore, the district court did not abuse its discretion by denying Raceway leave to amend its complaint.

### B

■ Raceway next appeals the district court's dismissal of its fraud claim as time barred under California's three-year statute of limitations. Cal.Civ.Proc.Code § 338(d). Raceway alleges that LSOF was participating in a conspiracy to defraud through a bait and switch scheme where it replaced the promise of a joint venture arrangement with a high-interest loan. Although the loan was executed over three years ago, Raceway asserts that the last overt act in the conspiracy to defraud was the credit bid on the property in December 2002. *See Wyatt v. Union Mortgage Co.,* 24 Cal.3d 773, 157 Cal.Rptr. 392, 598 P.2d 45, 53 (1979) ("[W]hen a civil conspiracy is properly alleged[,] ... the statute of limitations does not begin to run ... until the last overt act pursuant to the conspiracy has been completed."). Improbable though it may be, we cannot say that the statute of limitations has run as a matter of law on the fraud claim given the averment that the last overt act occurred within the statutory period.

### C

Raceway next appeals the district court's dismissal of its unfair competition claim. California Business & Professions Code § 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Raceway alleges violations of § 17200 on all three bases.[1]

For unlawful business practices, § 17200 borrows violations of other laws and considers them independently actionable. *Farmers Ins. Exch. v. Superior Ct.,* 2 Cal.4th 377, 6 Cal.Rptr.2d 487, 826 P.2d 730, 734 (1992). Raceway alleges that LSOF engaged in unlawful business practices through usury, fraud, and making a loan without a license in violation of California Financial Code § 22100.

Because we affirm the dismissal of Raceway's usury claim on the merits, we need not address usury as an independently actionable unlawful business practice. So far as its fraud allegations are concerned, we cannot say as a matter of law that LSOF's proposal letters, which Raceway did not sign, precludes Raceway from

---

1. We note that Raceway has alleged the same bait and switch scheme as both an unlawful business practice (fraud) and a fraudulent business practice.

justifiably relying on LSOF's alleged oral misrepresentations. *See Lazar v. Superior Ct.*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996) (noting justifiable reliance as an element of fraud).

■ Raceway has properly alleged a claim under § 17200 that LSOF engaged in the unlawful business practice of unlicensed lending. Raceway has alleged that LSOF does not have a license to engage in finance lending in California, in violation of California Financial Code § 22100. LSOF asserts that its lending activity fits within California Financial Code § 22050(e)'s exemption for a person that makes no more than one commercial loan within a twelve-month period.

Although the complaint identifies LSOF as a special purpose entity, it also alleges that LSOF might have engaged in other lending activity in California in 1998. We construe all allegations and draw all reasonable inferences in favor of the non-moving party. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983). We cannot say that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As such, Raceway has properly alleged a cause of action under § 17200 based on LSOF's alleged unlawful business practice of lending without a license in violation of California Financial Code § 22100.

In addition to unlawful business practices, Raceway also alleges that LSOF engaged in unfair business practices by employing a bait and switch scheme, submitting a false affidavit, failing to produce the affidavit until the day before Raceway had to secure financing, waiting to retract the joint venture proposal until after Raceway's deposits became nonrefundable, and demanding that Raceway decide within twenty-four hours if it would accept the loan terms. "The test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Wilner v. Sunset Life Ins. Co.*, 78 Cal.App.4th 952, 93 Cal. Rptr.2d 413, 422 (2000) (internal quotations omitted). California courts have noted that determining what is unfair "is a question of fact, which involves an equitable weighing of all the circumstances, a process which usually precludes the court from granting a demurrer." *Cmty. Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal.App.4th 886, 112 Cal.Rptr.2d 304, 311 (2001).

The district court dismissed the unfair competition claim by stating, "In the absence of a finding of duress or usury there is little left of the bait-and-switch theory that is unfair." However, a court should not dismiss a complaint simply because it does not appear that the plaintiff will not ultimately prevail on the merits. *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir.1969). Without conducting an intensive factual analysis, which is inappropriate at the motion to dismiss stage, we cannot conclude that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Therefore, we also reverse the district court's dismissal of Raceway's § 17200 claim for the unfair business practices that it has alleged.

### D

■ Raceway next appeals the district court's dismissal of its claims under each subsection of RICO. *See* 18 U.S.C.

§ 1962(a)-(d). Raceway alleges RICO liability based on both collection of unlawful debt and engagement in a pattern of racketeering activity. As predicate acts of racketeering activity, Raceway has alleged extortion (through usury and credit bidding with usurious interest), and wire and mail fraud (to execute the bait and switch scheme). *See* 18 U.S.C. § 1961(1). We have addressed the merits of Raceway's usury claim, and we have found that it was properly dismissed on the merits. To this extent we have no problem with the district court's dismissal of Raceway's RICO claims under all subsections of § 1962 because no unlawful debt was collected and Raceway has not properly alleged any predicate acts of racketeering activity. However, Raceway's claims also turns on an allegation that the "bait and switch" involved *high* interest that does not necessarily have to be usurious. To the extent these claims depend upon such allegations, a viable claim exists. We therefore reverse the district court's dismissal of Raceway's RICO claim on this ground.

## II

█ The final issue is whether the district court erred in denying Raceway's application to add LSOF's counsel as defendants. We review the district court's denial of Raceway's application *de novo.* *Berg & Berg Enters., LLC v. Sherwood Partners, Inc.,* 131 Cal.App.4th 802, 32 Cal.Rptr.3d 325, 338–39 (2005). An application under California Civil Code § 1714.10 should be granted if the party seeking to add counsel has established a reasonable probability that it will prevail in the action. Cal. Civ.Code § 1714.10(a).

When an attorney is acting in his official capacity, he is immune from conspiracy liability under agency theory. *Pavicich v. Santucci,* 85 Cal.App.4th 382, 102 Cal. Rptr.2d 125, 135–37 (2000) (holding that an

attorney acts as the client's agent and is not personally bound by the duty that the client's wrongdoing violated). A conspiracy cause of action cannot lie unless the attorney (1) acts for his individual advantage; or (2) violates a duty *to the plaintiff. Doctors' Co. v. Superior Ct.,* 49 Cal.3d 39, 260 Cal.Rptr. 183, 775 P.2d 508, 511–12 (1989).

LSOF's attorneys performed all of the tasks that Raceway alleges were wrongful (preparing a false affidavit, hiding the affidavit from Raceway's counsel until immediately before the transaction, forcing Jon Kurtin to sign the affidavit, and using the affidavit as evidence in these proceedings) for LSOF's benefit, not their own. Also, Raceway has failed to adequately allege that LSOF's attorneys violated any legal duty owed to Raceway. LSOF's attorneys' actions on behalf of their client are thus immune from conspiracy liability under agency theory, *Pavicich,* 102 Cal. Rptr.2d at 135, so there is not a reasonable probability that Raceway would succeed in a civil conspiracy claim against them.

We affirm the district court's denial of Raceway's § 1714.10 application to add LSOF's attorneys as defendants.

## III

For the reasons stated, we affirm the district court's dismissal of Raceway's usury claim; its dismissal of Raceway's unfair competition claim on the basis of the unlawful business practices of usury; and its denial of Raceway's application to add LSOF's counsel as defendants. We also see no abuse of discretion in its denial of leave to amend the second amended complaint. We reverse the district court's dismissal of Raceway's remaining claims. As to these claims, we are not at all suggesting that summary judgment will not be appropriate; we simply cannot say at this

stage of pleading that no set of facts can be discerned that state a claim.

Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.