

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES H. BRYAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>               Defendant-Appellee. | No. 14-35235<br><br>D.C. No. 3:13-cv-05934-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 4, 2016
Seattle, Washington

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

James H. Bryan appeals the district court's grant of Wal-Mart's motion to

dismiss. We affirm the ruling of the district court.

1. When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion, a

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court should only consider the pleadings, documents incorporated into the complaint (when the authenticity of the documents is not disputed and the plaintiff's complaint necessarily relies on the documents), and matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). However, the introduction of other material does not automatically convert the motion to dismiss into a motion for summary judgment when the record does not suggest reliance on the extraneous materials. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983). The district court did not convert the motion to dismiss into a motion for summary judgment, because the record does not suggest the district court relied on documents outside the pleadings or documents not properly incorporated into the complaint.

2.  We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We may affirm the district court on any basis supported by the record, "even if the district court did not reach the issue or relied on different grounds or reasoning." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 42 U.S.C. § 12112(a), "[n]o covered entity shall discriminate against a qualified individual *on the basis of disability* in regard to . . . [the] discharge of employees." (emphasis added). Such discrimination includes using "selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities." *Id.* § 12112(b)(6). To survive a motion to dismiss a disparate impact claim, Bryan must allege a disability, the use of selection criteria, and factual allegations that allow the court to draw a reasonable inference that the selection criteria screens out or tends to screen out Bryan on the basis of his disability. *See id.*

In his complaint, Bryan alleged facts sufficient to show he has a disability. However, § 12112 is not so broad as to provide a disparate impact claim to any terminated employee who also has a disability. Bryan must allege facts on which this court could reasonably infer he was terminated on the basis of his disability—he must establish a causal nexus. Bryan presents only a conclusory allegation that his pharmacy license was suspended due to his disability. A review of the documents (which both parties agree the court may consider to determine

3

this motion to dismiss) reveals that Bryan's pharmacy license was actually suspended due to his history of adverse board action by the board of pharmacy. Wal-Mart implemented a neutral policy dismissing all employees with any history of adverse board action. Because this case concerns a neutral policy affecting all those with any history of adverse board action, Bryan would have to allege a nexus between the policy, the forgery charges that resulted in his adverse board action, and his disability. Without establishing this causal nexus, this court cannot reasonably infer that Wal-Mart's neutral policy screens out or tends to screen out Bryan *on the basis of* his disability.

**AFFIRMED.**